# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

GILBERTO DELEON BALDERAS,    )
                                           )
            **Plaintiff,**         )
                                           )
vs.                                    )          **Case No. 18−cv–1368−JPG**
                                         )
RICHARD WATTSON,        )
LARSON,                          )
DEBRA,                            )
MCLAURIN, and           )
JOHN DOE                     )
                                         )
            **Defendants.**      )

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Gilberto Balderas, an inmate in Marion County Law Enforcement Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 for events that happened at the St. Clair County Jail. Plaintiff seeks monetary damages. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon review of the Complaint, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal. Additionally, certain claims appear to be improperly joined and must be severed into new cases.

## The Complaint

Plaintiff alleges that on May 22 or 23, 2017 he slipped on some water in the shower in the St. Clair County jail and broke his right knee, hurt his left shoulder and dislocated his collar bone. (Doc. 1, p. 5). Plaintiff alleges that he had previously been prescribed sunglasses due to photosensitivity, but that an officer at St. Clair County confiscated them, and he wouldn't have fallen if he hadn't been blinded by light. *Id*.

Defendant Larsen performed an x-ray, but told Plaintiff that nothing was dislocated or broken. *Id*. When Plaintiff went to Memorial Hospital, they did their own x-rays, showing Plaintiff's broken knee and dislocated shoulder. *Id*. Plaintiff had surgery in December 2017. *Id*. Plaintiff alleges that he is still in pain, and that there is still a piece of bone in his knee. (Doc. 1, pp. 5-6).

Defendant Nurse Debra gives Plaintiff old afternoon snacks. (Doc. 1, p. 6). Plaintiff needs afternoon snacks because he is a Type 2 insulin-dependent diabetic. *Id*. Debra gave Plaintiff stale bread, bologna with mold, and sour milk. *Id*. Plaintiff complained to Defendant McLaurin, and Debra became angry and gave Plaintiff the wrong diet trays, and stopped his heart burn and pain medication. (Doc. 1, pp. 6-7). Debra re-started the pain medication when she learned of Plaintiff's injuries, but did not give him back his heart burn pills. (Doc. 1, p. 7). Debra occasionally gives Plaintiff medication he does not recognize, and then when he asks about it, she throws it away. *Id*. Debra did not contact Galveston Texas to confirm Plaintiff's eyeglasses prescription. *Id*. Debra also did not respond to Plaintiff's sick call requests. *Id*. Plaintiff grieved the medication issues and sick call issues to McLaurin, who said he would not intervene with Debra. (Doc. 1, p. 8).

Plaintiff asked Defendant John Doe why he had not gotten responses to his grievances, and Doe replied that he was throwing Plaintiff's grievances away. (Doc. 1, p. 9). Plaintiff also alleges that Doe tried to get Plaintiff designated as an "aggressive" inmate and an escape risk. *Id*.

Plaintiff has named Watson as a Defendant because he "didn't do nothing." *Id*.

### Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the pro se action into 6 counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

> **Count 1 –** Larson was deliberately indifferent to Plaintiff's broken knee, and dislocated shoulder/collarbone when he negligently conducted an x-ray and refused to order appropriate follow-up care in violation of the Eighth Amendment and/or Fourteenth Amendment;

**Count 2 –** Debra was deliberately indifferent in violation of the Eighth Amendment and/or Fourteenth Amendment when she refused to confirm Plaintiff's sunglasses prescription to treat his photosensitivity;

**Count 3 –** Debra and McLaurin were deliberately indifferent in violation of the Eighth Amendment and/or Fourteenth Amendment when Debra withheld medication, gave Plaintiff unfamiliar medication, and refused Plaintiff's sick call requests, and McLaurin condoned her conduct;

**Count 4 –** Debra was deliberately indifferent to Plaintiff's diabetes when she refused to provide him with adequate afternoon snacks and/or diet trays and ignored McLaurin's orders to give Plaintiff fresh fruit in violation of the Eighth and/or Fourteenth Amendment;

**Count 5 –** Doe violated Plaintiff's constitutional rights by attempting to designate him as an aggressive inmate and/or an escape risk;

**Count 6 –** Doe violated Plaintiff's First Amendment rights when he threw away Plaintiff's grievances.

As an initial matter, Plaintiff's status within the St. Clair County jail is not clear; there is no information in the Complaint on whether he is serving a sentence pursuant to a conviction or whether he is a pre-trial detainee. Different standards apply depending on Plaintiff's relationship with the state. *Miranda v. County of Lake*, --F.3d--, 2018 WL 3796482 at *11 (7th Cir. August 10, 2018).

**Count 1** survives threshold review as a deliberate indifference claim under either an Eighth Amendment or Fourteenth Amendment standard. Plaintiff has alleged that he suffered from a broken knee, a dislocated collar bone, and a shoulder problem. These are clearly the kinds of injuries that would be diagnosed by a physician as mandating treatment. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). Moreover, Plaintiff has alleged that he was initially misdiagnosed and then that treatment was significantly delayed. These actions are plausible allegations that Larson was subjectively deliberately indifferent to Plaintiff's injuries. *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994));

*Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). Accordingly, the Court will order service on **Count 1**.

However, **Count 2** against Debra for failing to confirm Plaintiff's sunglasses prescription fails to state a claim and must be dismissed. In order to state a claim for deliberate indifference to a serious medical need under a traditional Eighth Amendment framework, an inmate must show that he 1) suffered from an objectively serious medical condition; and 2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. *Petties v. Carter*, 836 F.3d 722, 727 (7th Cir. 2016). *Miranda* clarified that, unlike a traditional analysis of a prisoner claim, the second step of the analysis under the Fourteenth Amendment where the subject is a pre-trial detainee is whether the medical defendant acted "purposefully, knowingly, or perhaps even recklessly," when they contemplated the consequences of their actions. *Miranda*, 2018 WL 3796482 at *12.

Plaintiff has not submitted sufficient facts tending to show that his photosensitivity was a serious medical need. Moreover, he has not alleged harm stemming from his condition for which the sun glasses were allegedly prescribed. Instead, his theory is that Debra was deliberately indifferent to the risk that failure to confirm a prescription for sunglasses would cause Plaintiff to slip on a wet floor. Plaintiff has failed to state a claim under either an Eighth or Fourteenth Amendment standard because slipping on a wet shower floor is not a reasonably foreseeable consequence of refusing to confirm an individual's prescription for sunglasses. Plaintiff has not adequately pleaded that Debra's conduct was purposeful, knowing, or in reckless disregard of the risk of failing in the shower. Most people would consider it unusual to wear sunglasses in the shower. Additionally, the Seventh Circuit has said that a slippery floor itself cannot support an Eighth Amendment claim because it is not a hazardous condition of

confinement. *Pyles v. Fahim*, 771 F.3d 403, 410-411 (7th Cir. 2014). If no one can be held at fault for the direct cause of slipping, then consistency demands that the Court find that more attenuated causes also fail to state a claim. Accordingly, **Count 2** will be dismissed without prejudice for failure to state a claim.

The Court will also dismiss Wattson at this time. Plaintiff has failed to associate Wattson with any specific claim. In fact, his sole allegation against Wattson is that he "didn't do nothing." The Court presumes that Plaintiff is attempting to hold Wattson accountable because of his position as the Sheriff of St. Clair County. This is a respondeat superior theory of liability, and is not cognizable under § 1983. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). Accordingly Wattson, will be dismissed without prejudice.

As to the remainder of Plaintiff's claims, **Counts 3-6**, these claims are not properly joined to **Count 1**, the only remaining claim in this action. In *George v. Smith*, the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits, "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act. 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(b)(g)); *Wheeler v. Talbot*, 695 F. App'x 151, 152 (7th Cir. 2017) (failing to sever mis-joined claims prejudices the United States Treasury); *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017). A prisoner who files a "buckshot complaint" that includes multiple unrelated claims against different individuals should not be allowed to avoid "risking multiple strikes for what should have been several different

lawsuits." *Turley v. Gaetz*, 625 F.3d 1005, 1011 (7th Cir. 2010). The Court has broad discretion as to whether to sever claims pursuant to Federal Rule of Civil Procedure 21 or to dismiss improperly joined Defendants. *See Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000).

Federal Rule of Civil Procedure 20 permits joinder of all claims that "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences; [when] any question of law or fact common to all defendants will arise in the action." That means that a plaintiff cannot join separate claims against different defendants or sets of defendants in the same lawsuit, unless the plaintiff asserts a claim for relief against each defendant that arises out of the same transaction or occurrence or series thereof, and presents common questions of law or fact. *Owens*, 860 F.3d at 436; *George*, 507 F.3d at 607. The Court finds that Plaintiff's complaints about the nursing care he received in general, as well as McLaurin's involvement in the same are not transactionally related to the care he received in the aftermath of his slip and fall accident. Likewise, Plaintiff's complaints against Doe for failing to respond to grievances and regarding Plaintiff's security designation are unrelated to either his medical care after his slip and fall incident or his complaints about the nursing.

Accordingly, Counts 3-4 will be severed into a separate lawsuit against Debra and McLaurin. Counts 5-6 will be severed into a separate lawsuit against Doe. Separate orders will be issued in those cases to review the merits of those claims. Plaintiff shall be provided with a copy of the merits review order as soon as it is entered in those cases.

## Disposition

**IT IS HEREBY ORDERED** that **Count 1** against Larson survives threshold review. **Count 2** is **DISMISSED without prejudice** for failure to state a claim. Wattson is

**DISMISSED without prejudice** because Plaintiff has not adequately stated a claim against him. **Count 1** will proceed in this action. **Counts 3-4** against Debra and McLaurin are severed into a new case because they are unrelated to Counts 1-2, 5-6. **Counts 5-6** against Doe are severed into a new case as being unrelated to all other counts. The Clerk of Court is directed to terminate Debra, McLaurin, and Doe from this action.

The claims in the severed cases shall be subject to merits review pursuant to 28 U.S.C. §1915A after a new case number and judge assignment is made. In the new cases in this Court, the Clerk is **DIRECTED** to file the following documents:

1) This Memorandum and Order;
2) The Complaint (Doc. 1);
3) The Order granting Plaintiff leave to proceed IFP;

Plaintiff will be granted leave to proceed IFP in the new cases, although he remains responsible for the $350 filing fee. No service shall be ordered on the defendants in the severed case until the § 1915A review is completed.

The Clerk of Court shall prepare for Defendant **Larson**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's

last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 23, 2018**

s/J. Phil Gilbert
**U.S. District Judge**