IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GILBERTO DeLEON BALDERAS,[1]       )
                                    )
          Plaintiff,                )
                                    )
     vs.                            )    Case No. 18-cv-1536-JPG
                                    )
JOHN DOE (Captain, St. Clair Co. Jail), )
                                    )
          Defendant.                )

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Gilberto DeLeon Balderas, currently incarcerated at the Marion County Law Enforcement Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His claims arose while he was detained at the St. Clair County County Jail ("the Jail"). The instant case consists of two claims that were severed by the Court on August 24, 2018, from Plaintiff's original action, *Balderas v. Wattson, et al.*, Case No. 18-cv-1368-JPG-DGW. (Doc. 1). The original case was filed on July 10, 2018.

The claims in this action are:

**Count 5** – Doe violated Plaintiff's constitutional rights by attempting to designate him as an aggressive inmate and/or an escape risk;

**Count 6** – Doe violated Plaintiff's First Amendment rights when he threw away Plaintiff's grievances.

(Doc. 1, p. 4). This case is now before the Court for a preliminary review of the Complaint

---

[1] When this case and the original action were opened, the Clerk listed Plaintiff's surname as "Balderas." However, upon further examination, it appears that his surname should have been listed as "DeLeon Balderas" in accordance with the custom of Hispanic surnames, which include the father's surname first, followed by the mother's surname. The Court notes that Plaintiff wrote and signed his name as "Gilbert DeLeon" on his Marion County Jail Grievance Form of July 5, 2018. (Doc. 2, p. 11). The Clerk shall be directed to make this change to the docket sheet in each of Plaintiff's pending civil cases.

1

pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

After fully considering the allegations in Plaintiff's Complaint, the Court concludes that this action is subject to summary dismissal. However, rather than dismiss the case at this time, Plaintiff shall be given the opportunity to amend his Complaint to present any facts that may exist in support of a constitutional claim.

### **The Complaint**

The allegations in the Complaint that relate to Counts 5 and 6 are: During Plaintiff's incarceration at the Jail in 2017, he lodged several grievances and complaints about his medical care, and met with Major McLaurin[2] in connection with those complaints. (Doc. 2, pp. 7-8). The Defendant John Doe Captain was also present during one discussion with McLaurin. John Doe stated that he "should figure out what to do with [Plaintiff] so that [Plaintiff] can stop complaining so much and writing all those grievances." (Doc. 2, p. 9). When Plaintiff asked why he had not received any grievances back, John Doe said he would never get them back, because Doe had thrown them all away and ordered other officers to do the same. *Id.*

Doe tried to "put [Plaintiff] a red band which means aggressive," and tried to have Plaintiff charged with escape. (D0c. 2, p. 9). The basis for the "escape" was that while Plaintiff was in the hospital being treated for injuries he suffered at the Jail, Plaintiff's wife called the

---
[2] McLaurin was named as a Defendant in the original case in connection with Plaintiff's claims of deliberate indifference to his serious medical needs. The claims against McLaurin were severed into another case in this Court: *Balderas v. Head Nurse Debra, et al.*, Case No. 18-cv-1535-JPG. (Doc. 1).

hospital seeking information on his condition. John Doe also attempted to have Plaintiff's wife charged with helping him to escape. As a result of these events, Plaintiff was sent to a different county jail.

Plaintiff seeks monetary damages against the John Doe Captain. (Doc. 2, p. 10).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

For clarity, the Court shall continue to refer to Counts 5 and 6 as they were numbered in the original case. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice.

Both counts shall be dismissed without prejudice for failure to state a claim upon which relief may be granted. However, Plaintiff shall be allowed an opportunity to submit an amended complaint, in order to present any facts that may support a constitutional claim.

**Dismissal of Count 5 – Inmate Classification**

As the Court noted in the order severing these claims, the Complaint does not indicate whether Plaintiff was in the St. Clair County Jail to serve a sentence pursuant to a criminal conviction, or whether he was held there as a pretrial detainee. The Due Process Clause of the Fourteenth Amendment governs claims for unconstitutional conditions of confinement brought by pretrial detainees. *See Smith v. Dart*, 803 F.3d 304 (7th Cir. 2015); *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013); *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012). Likewise, the Fourteenth Amendment comes into play for a convicted prisoner claiming that he was wrongly classified within a prison or jail system. In that situation, it is well settled that the improper classification of a prisoner does not violate his constitutional rights. "[P]risoners possess neither liberty nor property in their classifications and prison assignments." *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) (citing *Montanye v. Haymes*, 427

U.S. 236 (1976)); *see also Meachum v. Fano*, 427 U.S. 215, 224 (1976) (the Constitution does not guarantee placement in a particular prison).

In Plaintiff's case, while he indicates that the John Doe Captain tried to get him classified as an aggressive inmate, he does not say that this effort succeeded. Nor does Plaintiff describe any negative impact that he experienced as a result of the John Doe Captain's actions. As such, the Court cannot discern any violation of Plaintiff's constitutional rights in connection with John Doe's alleged attempt to designate Plaintiff as "aggressive."

The same is true for the John Doe Captain's alleged efforts to "get" him and his wife for an attempted escape. Plaintiff states that this talk was meant to scare him. (Doc. 2, p. 9). Whether the escape accusation refers to another effort to place Plaintiff in a higher-security classification, or an attempt to bring criminal charges is not clear. But again, the Complaint does not disclose how Plaintiff was damaged by the John Doe Captain's actions in this regard, much less how this amounted to a violation of a constitutional right. Notably, "[s]tanding alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws." *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). The only consequence Plaintiff mentions is that he was "shipped to another County Jail," and he does not indicate that he was worse off in any way as a result of the transfer. Even if Plaintiff has an objection to being moved, the transfer itself would not ordinarily amount to a constitutional violation. *See Meachum*, 427 U.S. at 224.

Plaintiff's allegations do not state a claim upon which relief may be granted against the John Doe Captain for labeling Plaintiff as an aggressive inmate or accusing him of an escape attempt. **Count 5** shall therefore be dismissed without prejudice pursuant to § 1915A. Plaintiff

4

shall be allowed, however, to submit an amended complaint to set forth any facts which may exist in support of a constitutional claim against the John Doe Captain.

## Dismissal of Count 6 – Interference with Grievances

This claim is based on the John Doe Captain's statement that he threw away Plaintiff's grievances and instructed other officers to do the same. While this conduct cannot be condoned, the mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct" that led to the grievance, does not state a constitutional claim. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). The Constitution does not require a prison or jail to have a grievance procedure at all, therefore, an official's failure to follow the institution's grievance procedure does not, in and of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982).

Plaintiff's efforts to exhaust his administrative remedies before filing suit by using the Jail's grievance process may be relevant in the event that a Defendant raises a challenge to Plaintiff's ability to maintain a § 1983 suit over the substantive matters raised in the grievances. *See* 42 U.S.C. § 1997e(a); *Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008); *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002) (administrative grievance remedies become "unavailable" when officials fail to respond). Nonetheless, a Defendant's action or inaction in handling Plaintiff's grievances does not support an independent constitutional claim. *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) ("a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause").

The Complaint does not include any facts to suggest that the John Doe Captain's action

of discarding Plaintiff's grievances caused Plaintiff any harm.

For these reasons, **Count 6** will also be dismissed for failure to state a claim upon which relief may be granted.

**Disposition**

The Clerk is **DIRECTED** to correct Plaintiff's surname from "Balderas" to "DeLeon Balderas" in this case, and in Plaintiff's 2 other pending cases: Case No. 18-cv-1368-JPG-DGW, and Case No. 18-cv-1535-JPG.

**COUNTS 5 and 6** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

Because both claims in this action have been dismissed, the Complaint (Doc. 2) is also **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file his First Amended Complaint within 28 days of the entry of this order (**on or before October 23, 2018**). It is strongly recommended that Plaintiff use the form designed for use in this District for civil rights actions. He should label the pleading "First Amended Complaint" and include Case Number 18-cv-1536-JPG.

The amended complaint shall present each claim in a separate count as designated by the Court above. For each count of the amended complaint, Plaintiff shall specify, *by name*,[3] each Defendant alleged to be liable under the particular count, as well as the actions alleged to have been taken by that Defendant. Plaintiff should state facts to describe what each named Defendant did (or failed to do), that violated his constitutional rights. New individual

---

[3] Plaintiff may continue to designate the Defendant as "Captain John Doe" until he is able to discern the identity of this person. If any other unknown Defendant is added, the person may be designated as John or Jane Doe, but Plaintiff should include descriptive information (such as job title, shift worked, or location) to assist in the person's eventual identification.

Defendants may be added if they were personally involved in the constitutional violations. Plaintiff should attempt to include the facts of his case in chronological order, inserting Defendants' names where necessary to identify the actors and the dates of any material acts or omissions.

An amended complaint supersedes and replaces all prior complaints, rendering them void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must contain all the relevant allegations in support of Plaintiff's claims and must stand on its own, without reference to any other pleading. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint.

If Plaintiff fails to file an amended complaint within the allotted time or consistent with the instructions set forth in this Order, the action shall be subject to dismissal with prejudice. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915A. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint. If the First Amended Complaint fails to survive review under § 1915A, Plaintiff may also incur a "strike."

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable,

regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: September 25, 2018**

<u>s/J. Phil Gilbert</u>
United States District Judge