# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

GILBERTO DELEON BALDERAS, )
                              Plaintiff, )
vs. ) Case No. 18−cv−1536−JPG
JOHN DOE )
                              Defendant. )

# **MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Gilberto DeLeon Balderas, an inmate in Marion County Law Enforcement Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983 for events that happened at the St. Clair County Jail. Plaintiff seeks monetary damages. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers

to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon review of the Complaint, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

## The Complaint

Plaintiff originally brought suit in case No. 18-cv-1368-JPG. The Court determined that Plaintiff's claims were mis-joined and severed two claims into this action on August 24, 2018. (Doc. 1).

As relevant to the claims proceeding in this action, Plaintiff alleges that Doe threw his grievances away in lieu of responding to them. (Doc. 1, p. 9). Plaintiff also alleges that Doe tried to get Plaintiff designated as an "aggressive" inmate and an escape risk after his wife called hospitals looking for him. *Id*. Ultimately, Plaintiff was transferred to another jail. *Id*.

## Discussion

The severance order designated two claims for this action:

**Count 5** – Doe violated Plaintiff's constitutional rights by attempting to designate him as an aggressive inmate and/or an escape risk;

**Count 6** – Doe violated Plaintiff's First Amendment rights when he threw away Plaintiff's grievances.

2

As an initial matter, Plaintiff's status within the St. Clair County jail is not clear; there is no information in the Complaint on whether he is serving a sentence pursuant to a conviction or whether he is a pre-trial detainee. Different standards apply depending on Plaintiff's relationship with the state. *Miranda v. County of Lake*, 900 F.3d 335, 350 (7th Cir. 2018).

This confusion over Plaintiff's status contributes to the vagueness problem of Plaintiff's **Count 5**. Plaintiff has not alleged that he was deprived of his due process rights by Doe's conduct. The Due Process clause of the Fourteenth Amendment prohibits punishment of persons who have not yet been convicted of a crime. *Bell v. Wolfish*, 441 U.S. 520, 535-36 (1979); *Smith v. Dart*, 803 F.3d 304, 310 (7th Cir. 2015); *Martin v. Tyson*, 845 F.2d 1451, 1455 (7th Cir. 1988). Thus, if Plaintiff was a pre-trial detainee at the time of the alleged events, he can prevail if he can show that the contested actions are "not rationally related to a legitimate nonpunitive governmental purpose," or that the actions appear excessive in relation to that purpose." *Kingsley v. Hendrickson*, 135 S.Ct. 2466, 2473 (U.S. 2015) (citing *Bell*, 441 U.S. at 561).

However, if Plaintiff was not a pre-trial detainee, that changes the nature of the due process analysis. Plaintiff may still have a due process claim, but the analysis would turn on what process Plaintiff was due. *See e.g.*, *Wolff v. McDonnell*, 418 U.S. 539 (1974). Additionally, Plaintiff might also have an Eighth Amendment claim alleging cruel and unusual punishment. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)

Plaintiff's claim as currently pleaded is too vague because the Court cannot determine what standard(s) could apply to it. Additionally, Plaintiff's allegations do not establish that he was actually harmed as a result of Doe's actions. Section 1983 is a tort statute, so plaintiff must have suffered a harm to have a cognizable claim. *Bridges v. Gilbert*, 557 F.3d 541, 555 (7th Cir. 2009); *Doe v. Welborn,* 110 F.3d 520, 523 (7th Cir. 1997). Plaintiff has not alleged that he

suffered a physical injury because of the classification. He has not alleged that he was subjected to unconstitutional conditions of confinement due to the classification either. In fact, the Complaint is ambiguous as to whether Plaintiff was actually classified as an escape risk or if he was just transferred to another jail. Due to the vagueness of the allegations and the failure to allege a proper injury, **Count 5** will be dismissed without prejudice for failure to state a claim, although Plaintiff will be given an opportunity to replead this claim with greater specificity.

**Count 6** will be dismissed with prejudice as legally frivolous. Grievance procedures are not constitutionally mandated, and as such, the failure of jail employees to follow their own policies states no claim. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).

### Disposition

**IT IS HEREBY ORDERED** that **Count 5** is **DISMISSED without prejudice** for failure to state a claim. **Count 6** is **DISMISSED with prejudice** as legally frivolous.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **December 3, 2018**, raising any facts that would support his claim in Count 5 only. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the form designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for this action 18-1536

Plaintiff is warned that the Court takes the issue of perjury seriously, and that any facts found to be untrue in the amended complaint may be grounds for sanctions, including dismissal and possible criminal prosecution for perjury. *Rivera v. Drake*, 767 F.3d 685, 686 (7th Cir. 2014) (dismissing a lawsuit as a sanction where an inmate submitted a false affidavit and subsequently lied on the stand).

To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must contain all the relevant allegations in support of Plaintiff's claims and must stand on its own, without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: November 5, 2018**

    s/J. Phil Gilbert
    **U.S. District Judge**